# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

NIKKI LAVOIE, as Parent, Guardian,        )
and Next-of-Kin of SOPHIE LAVOIE          )
BOONE, a Minor Child,                     )
                                          )
        Petitioner,                       )
                                          )
            v.                            )        C.A. No. CPU4-15-003549
                                          )
DANIEL BOONE, Father and Parent of        )
SOPHIE LAVOIE BOONE,                      )
                                          )
        Respondent.                       )

Submitted: May 4, 2017
Decided: July 7, 2017

Aaron C. Baker, Esquire                          Gregory A. Morris, Esquire
Baird Mandalas Brockstedt, LLC                   Liguori & Morris
6 South State Street                             46 The Green
Dover, DE 19901                                  Dover, DE 19901
*Attorney for Petitioner*                        *Attorney for Respondent*

## OPINION ON REMAND

This matter is back before the Court for reconsideration of a Petition for Name Change. On October 14, 2015, Sophie Lavoie Boone, by her next of kin, Nikki Lavoie, brought a name change petition pursuant to *10 Del C. Ch. 59* and *Court of Common Pleas Civil Rule 81*, to change the name of her minor child from Sophie Lavoie Boone to Sophie LavoieBoone.[1] After a hearing, the Court issued a decision on December 21, 2015 denying

---

[1] Petitioner seeks to transfer her middle name of "Lavoie" to her surname, "LavoieBoone."

the petition. Upon appeal by Nikki Lavoie, the Superior Court remanded the matter for the Court to reweigh the relevant factors in determining the best interest of the child, in particular whether the name change would detrimentally expose the child to myriad of questions and difficulties. This is the Court's decision following remand.

## FACTUAL AND PROCEDURAL HISTORY

Sophie Lavoie Boone ("Sophie" or the "child") is presently a seven-year-old minor, born on December 28, 2009. When this litigation commenced on October 14, 2015, Sophie was five years of age. Sophie is the daughter of Daniel Boone ("Respondent") and Nikki Lavoie ("Pe titioner"); both parents have joint custody of Sophie. Sophie resides with Petitioner in Wilmington, Delaware, while Respondent resides in Middletown, Delaware, thus time with the child is not a relevant factor in this matter.

On October 14, 2015, Nikki Lavoie, filed a petition to change the name of her minor daughter from Sophie Lavoie Boone to Sophie LavoieBoone. The object was to combine the middle name "Lavoie" with the last name "Boone" to create the name "Sophie LavoieBoone." Petitioner contends the proposed name change would preserve and develop Sophie's relationship with her mother, enhance the child's identity as part of the Lavoie family unit, and "bring [Sophie's] name into conformity" with Petitioner's. On November 3, 2015, Respondent filed an answer objecting to the proposed name change, arguing it would not be in the best interest of Sophie.

On November 16, 2015, the Court held a hearing on the Petition, and heard testimony from Petitioner and Respondent. Petitioner testified that Sophie should have the same surname as her custodial parent. Additionally, Petitioner testified that the proposed

name change is necessary so as to avoid confusion wi th schools[2], family, and friends. Petitioner further testified that the proposed name change would allow Sophie to identify with members of the Lavoie family, including her grandparents who played an important role in her childhood.

Respondent testified that the name change only benefits Petitioner and not Sophie. Respondent testified that it is not "our right" to change Sophie's name without her consent. Furthermore, Respondent testified that Sophie can make the decision to change her own name, if she desires to do so, when she becomes of age.

On December 21, 2015, the Court found that the proposed name change was not in the best interest of Sophie. After balancing the relevant factors, this Court concluded:

> "although granting the Petition would simultaneously alleviate the relatively minor inconveniences experienced by the parents, and superficially execute Ms. Lavoie's desire to draw Sophie closer to her heritage, the change would also detrimentally expose Sophie to the myriad questions and difficulties that accompany a name change at such a critical stage in the child's social development."[3]

On January 18, 2016, Petitioner filed an appeal to the Superior Court, arguing this Court abused its discretion in denying her petition to change her daughter's surname. Specifically, Petitioner argued this Court's conclusion that changing Sophie's surname would expose her to "myriad questions and difficulties" was not supported by the record.

---

[2] "For example, [Nikki Lavoie] testified that when [Respondent's] wife attempted to pick up Sophie from summer camp, the counselors could not identify Sophie because [Respondent's wife] asked for Sophie Boone, but the counselors had listed her as Sophie Lavoie Boone. Apparently, this confusion occurred because [Nikki Lavoie] insisted on registering Sophie as "Sophie Lavoie Boone" instead of "Sophie Boone."" *Lavoie v. Boone*, 2016 WL 5400298, at *1 (Del. Super. Sept. 15, 2016).

[3] *In Re Boone*, C.A. No. CPU4-15-003549, at 5 (Del. Com. Pl. Dec. 21, 2015).

On September 15, 2016, the Superior Court issued a decision reversing this decision. The Superior Court agreed with the Court's analysis under the "best interest of the child" standard, finding it was supported by the record. However, the Superior Court disagreed with the Court's analysis that the name change would "detrimentally expose Sophie to the myriad questions and difficulties," and found that such conclusion was not supported by the record.[4] Because the Superior Court could not determine how heavily this Court relied on this consideration, the matter was remanded for reconsideration and reweighing of the relevant factors.

## DISCUSSION

As stated above, petitions to change the name of a minor are provided in *10 Del. C. Ch. 59* and *Court of Common Pleas Civil Rule 81*. However, these provisions do not provide a standard for analysis, but this Court has held that when considering such a petition it shall be analyzed using the "best interest of the child" standard.[5] Accordingly, the Court shall consider the following factors:

(1) The parents financial support for the child;
(2) The level of the parent's contact with the child;
(3) The length of time that a surname has been used for or by the child;
(4) Whether there are any acts of misconduct by one of the child's parents;
(5) Whether the surname is different from the surname of the child's custodial parent;
(6) The child's reasonable preference for a surname depending on a child's age;
(7) The effect of the change of the child's surname on the preservation and development of the child's relationship with each parent;
(8) The degree of community respect associated with the child's present surname and proposed surname;

---

[4] *See Boone*, 2016 WL 5400298, at *4.
[5] *See In Re Gibbs*, 2008 WL 5160141, at *4 (Del. Com. Pl. July 9, 2008).

(9)   The difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed name; and

(10)  The identification of the child as a part of the family unit.[6]

In the instant matter, based upon the record developed at the November 16, 2015 hearing, it is undisputed that Respondent and Petitioner each provide financial support. It is also undisputed that both parents maintain contact with Sophie, and there are no records of misconduct. Accordingly, I find no basis to address factors one, two, and four in this analysis.

With regard to the remaining factors, the record supports the following:

*(3) The length of time that a surname has been used for or by the child.* The child is presently seven years of age. At this stage of development, the child generally begins to develop a sense of identity and personality with her friends and school.[7] However, because Sophie has used both names, it is difficult to conclude with certainty that a change of name would have any significant impact.

*(5) Whether the surname is different from the surname of the child's custodial parent.* Sophie's parents both take an active role in Sophie's life; however, Sophie's surname differs from Petitioner's, with whom Sophie resides and spends a majority of her time. This difference could conceivably cause confusion and questions when there is an interaction with schools, medical personnel, and other authorities.

---

[6] *Id.* at *3-4.

[7] *See* Diane N. Ruble et al., *The Development of the Social Self,* 29 (Mark Bennet & Fabio Sani eds., 2004). ("Self-concept development begins in early childhood and continues through adolescence and adulthood. This self-concept consists of both a personal self (a sense of self as different from the other) and a social self (a sense of self as connected to the other). This latter social self consists of not only the selves present when interacting with family and friends, but also with the selves that are a product of the child's membership in particular social groups.")

*(6) The child's reasonable preference for a surname.* At the time of the hearing, Sophie was six-years-old and unaware of these proceedings; therefore, there is no basis on which to conclude she has a reasonable preference for either surname.

*(7) The effect of the change of the child's surname on the preservation and development of the child's relationship with each parent.* At this stage and since Sophie has used both names, a change of name is likely to have little effect on the child's relationship with either parent.

*(8) The degree of community respect associated with the child's present surname and proposed surname.* Based upon the evidence, there is no basis to conclude either surname elicits a lack of respect within the community.

*(9) The difficulties, harassment, or embarrassment that the child may experience from bearing the present or proposed name.* While I previously concluded that a change of name would expose the child to a myriad questions and difficulties, a re-examination of the record does not reveal significant testimony on this issue. In fact, the record indicates the one difficulty experienced as a result of Sophie's present surname occurred when Nikki Lavoie, insisted on registering her daughter under the name "Lavoie Boone" instead of "Boone."

*(10) The identification of the child as a part of the family unit.* It is undisputed that both parents are positive role models in Sophie's life, who actively participate in her education and upbringing. Therefore, there is no basis that the name change would affect Sophie's identity within her immediate family unit. In balancing the relevant interest, there must be some weight given to the issues of interaction with schools, medical appointments, and other necessary activities which require the identification of the child with the custodial parent. It

is not difficult to understand that if one must explain their relationship to the child each time one of these encounters occurs, a level of uncertainty within the family unit is raised.

The evidence in the record reflects two parents who care deeply for their child, and who want the best for her—how they reach this position lies their difference. There can be no doubt that this child is fortunate to have such parents, but their failure to agree on this issue is the divide. This issue is of such importance that the Delaware General Assembly, in pending legislation, has felt a public need to provide guidance.[8] This legislation—which has passed both Houses and is pending signature by the Governor—provides that when a parent files a petition, as such pending in these proceedings, there is a preference that the child's name be hyphenated to include both parents' surnames.

The evidence shows that Sophie spends a majority of her time with Petitioner. Petitioner further testified—and the Court agrees—that the name change would allow Sophie to connect with a larger family unit. Additionally, the name change would alleviate the inconveniences experienced by the parents. Furthermore, there is no evidence before the Court that granting the name change would cause Sophie more harm than benefit. Accordingly, I find that the petition shall be granted in part.

---

[8] *See* Del. H.B. 178, 149th Gen. Assem. (2017).

## CONCLUSION

For the reasons stated above, Sophie Lavoie Boone's Petition for Name Change is hereby **GRANTED** in part. Consistent with the proposed legislation the name shall be hyphenated as follows: "Sophie Lavoie-Boone."

**IT IS SO ORDERED.**

_____
Alex J. Smails,
Chief Judge